UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X Our File No. 16620DSMTN

YANINA KOTLYAR,

                                                 14 CV. 2853

                   Plaintiff,

               -against-                           **RESPONSE TO**
                                                 **PLAINTIFF'S FIRST**
SBC 2010-1 REO 104933 LLC,                  **REQUEST FOR**
                                                 **INTERROGATORIES**

                   Defendant.
------------------------------------------------------------X

       Defendant, SBC 2010-1 REO 104933 LLC, by and through its attorneys, BAXTER SMITH & SHAPIRO, P.C., responding to plaintiff's First Request for Interrogatories, upon information and belief, states as follows:

**STATEMENT AND GENERAL OBJECTIONS APPLICABLE TO ALL RESPONSES**

       All of the General Statements and Objections made herein are applicable to and are hereby incorporated into each and every response to specific discovery requests, and any response to any discovery request is made without waiver of the General Statements and Objections.

       The assertion, however, of the General Statements and Objections do not preclude assertion of specific objections.

       *Defendant objects to the Request to the extent that it seeks information and/or documents which are protected from disclosure by the attorney-client privilege and/or work product privilege, which were prepared in anticipation of litigation or for trial, or which are otherwise immune from disclosure.

       *Defendant objects to the Request to the extent that it seeks confidential business information and/or other confidential proprietary information.

       *Defendants object to the Request to the extent that it purports to impose obligations inconsistent with and/or beyond the scope of the New York Rules of Court.

*Defendant objects to the Request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

*Defendant objects to the Request to the extent that it is overly broad and unduly burdensome.

*Defendant objects to the Request to the extent that it seeks documents that are not within its possession, custody or control.

*Defendant objects to the Request to the extent that it seeks documents that were created after the institution of this action.

*Defendant objects to the Request to the extent that it seeks documents that are available to the public, including pleadings, or documents which are already in the possession, custody or control of Plaintiff.

*Defendant will make non-privileged, reasonably responsive documents in its possession, custody or control which are not produced herewith, available for inspection and photocopying at the offices of Baxter Smith & Shapiro, P.C. at a mutually convenient date and time.

*The Specific Responses set forth below are made subject to these General Objections and Responses and no Specific Response shall be deemed to constitute a waiver of these General Objections and Responses.

## ANSWERS TO INTERROGATORIES

1. Set forth the names and addresses of each person which Defendant knows or claims to be a witness to the events alleged in Plaintiff's complaint or Defendant's answer.

**ANSWER:** The responding defendant is unaware of any witnesses other than the parties and witnesses listed on the accident report.

2. With respect to each expert retained in anticipation of this litigation or in preparation for trial.

    (a) The expert's name and address;
    (b) The subject matter on which the expert is expected to testify;
    (c) The substance of the facts and opinions to which the expert is expected to testify;
    (d) A summary of the grounds for each such option;
    (e) A brief chronological resume of the witness' educational background and professional background, including the associations or societies of which the expert is a member,

and as to medical personnel, the names and addresses of all hospital on whose staffs such experts are or where such medical experts are or where such medical experts have courtesy privileges or acts as consultants; and

    (f)  Whether such named expert will testify as an expert at the trial of this case.

**ANSWER:** The responding defendant has not retained the services of any experts for use in this matter. However, the responding defendant reserves its right to retain any experts deemed necessary and identify those experts in a supplemental response up to and including the time for trial.

Pursuant to the Federal Rules of Civil Procedure and Rules of the Court, the following is defendant SBC 2010-1 REO 104933 LLC's response to plaintiff's First Request for Interrogatories.

Dated: Hicksville, New York
   January 15, 2015

By _____
MARGOT L. LUDLAM, ESQ.
(MLL)#5686
BAXTER SMITH & SHAPIRO, P.C.
Attorneys for Defendant
99 North Broadway
Hicksville, New York 11801
(516) 997-7330

TO: MICHAEL A. DiCHIARO, P.C.
   Attorneys for Plaintiff
   One Executive Boulevard, Suite 201
   Suffern, New York 10901
   (845) 368-9797